SAMUEL V. BLIFFINS, JR., & another, *vs.* JOB T. WILSON & others.

A bill in equity brought upon the dissolution of a partnership to settle the partnership accounts, was referred by agreement of the parties to a master "to appraise and take an account of all the property and assets of every kind and description belonging to the co-partnership, except the Wickford Oil Works, as the same stood on and up to" the day of the dissolution, and "all the property belonging to such parties as part owners shall be included in and deemed to be a part of the partnership property," "except the Wickford Oil Works property." The master appraised and included in the account two boats that had been conveyed to the parties by the deed conveying the Wickford Oil Works. *Held,* that, by the terms of the agreement, the property appertaining to the Wickford Oil Works at the date of the dissolution of the partnership, and not that appertaining to them at the time of the conveyance, was to be excluded from the account and appraisal.

DEVENS, J. The copartnership between the plaintiffs and defendants having been dissolved, the plaintiffs brought their bill in

equity to have the affairs of the company adjusted, and at the hearing of the application for the appointment of a receiver entered into an agreement by which the cause was referred to a master to state the accounts between the parties, and to " appraise and take an account of all the property and assets of every kind and description belonging to said copartnership, except the Wickford Oil Works, as the same stood on and up to the fifteenth day of April, A. D. 1872," which was the date of the dissolution of the copartnership. It was further agreed that upon the rendition of a statement by the master to the parties of the accounts and property of the copartnership, the defendants should pay to the plaintiffs the amounts due to them, and the plaintiffs should execute releases of their title to all the property included in the appraisal. The agreement further stated that " all the property belonging to said parties as part owners shall be included in and deemed to be a part of the partnership property for the purposes of this settlement, except the Wickford Oil Works property."

Upon the coming in of the report of the master, the defendants excepted to the same, upon the ground that two boats, the Cranston and the Bohea, both belonging to the Wickford Oil Works, and excluded from the submission by its terms, were improperly appraised and included in the account rendered by the master. It appeared at the hearing, among other facts, that the two boats were conveyed to the plaintiffs and defendants by the deed conveying the Wickford Oil Works, and the defendants requested the court to rule that upon a fair construction of the deed referred to, said boats were a part of the Wickford Oil Works property, and by the terms of the agreement excluded from the appraisal: this ruling the court declined to make.

As, by the terms of the submission, the master was to appraise and take an account of all property belonging to the copartnership, except the Wickford Oil Works, it was necessary for him to determine, upon all the facts before him, what was included in the property thus described, and we must construe the agreement to mean that he was to include in his appraisement the property of the partnership as it stood on the day of the dissolution of the copartnership, to wit, on the fifteenth day of April, 1872, ex-

cluding therefrom the Wickford Oil Works property as it then stood, because, if the intention had been to exclude from the appraisement the Wickford Oil Works property as originally purchased, other words would have been used. If property, originally purchased as a part of those works, had been separated from them, so that it formed a portion of other properties, and was properly described as such, the master was not to omit it from his appraisement merely upon the ground of its original purchase; nor should he on the other hand have included in his appraisement property subsequently purchased by the partnership and made a part of the Wickford Oil Works, if any such had existed. It was, therefore, simply a question of fact for the master to determine whether these boats originally purchased as a part of the Wickford Oil Works property still remained so. He has decided that they did not, and has included them in his appraisement. This finding we cannot revise, unless upon a full report of the evidence in the case it clearly appears he was in the wrong. *Boston Iron Co.* v. *King*, 2 Cush. 400, 405. *Adams* v. *Brown*, 7 Cush. 220. *Sparhawk* v. *Wills*, 5 Gray, 423. There was evidence that these boats had ceased to be a part of the Wickford Oil Works property; of its sufficiency the master was to judge, and we are of opinion that the court correctly ruled that he might properly find as he had done with reference to them.      *Decree affirmed.*

*J. C. Blaisdell*, for the defendants.

*G. Marston*, (*J. M. Morton, Jr.*, with him,) for the plaintiffs.